IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Miguel Ramirez, ) | |
| ) | No. 0:13-cv-2458-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Warden, Kershaw Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 56), recommending Respondent's Motion for Summary Judgment be granted. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Respondent's Motion for Summary Judgment, (Dkt. No. 42), is **GRANTED**.

Miguel Ramirez ("Petitioner"), a prisoner at the Kershaw Correctional Institution proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming ineffective assistance of counsel. Pursuant to 28 U.S.C. 636(b) and Local Civil Rule 73.02(B)(2) DSC, the matter was automatically referred to a Magistrate Judge for pretrial proceedings. Respondent filed a Motion for Summary Judgment (Dkt. No. 42) and a Return and Memorandum to the Petition (Dkt. No. 43). The Magistrate Judge issued the present R & R, recommending that the motion be granted and Petitioner timely filed an objection to the R & R on December 29, 2014 (Dkt. No. 58).

**I. Background**

Petitioner was indicted in January 2002 for felony driving under the influence resulting in great bodily injury and felony driving under the influence resulting in death. At trial, Petitioner

was represented by O. Lee Sturkey, and on May 3, 2002, entered an *Alford*[1] plea to the charges.[2] On August 5, 2002, Petitioner was sentenced to twenty-five years imprisonment for felony driving under the influence resulting in death and a consecutive sentence of fifteen years imprisonment for driving under the influence resulting in great bodily injury. (R&R at 1-2). Petitioner timely appealed and was represented by Daniel T. Stacey, Appellate Defender, who filed an *Anders*[3] brief on Ramirez's behalf that presented the following question:

> Whether the court erred in sentencing appellant to the maximum available sentence where he had pleaded guilty and expressed remorse, since sentences of this type will discourage guilty pleas and up the burden on an already swamped system?

(*Id.* at 2). Ramirez filed a *pro se* response to the *Anders* brief raising grounds of ineffective assistance of counsel and that his guilty plea was involuntary and unknowing. (*Id*). On May 5, 2004, the South Carolina Court of Appeals filed an order dismissing Ramirez's appeal. (Dkt. No. 43-5). The remittitur was issued on June 8, 2004. (Dkt. No. 43-6).

On June 3, 2004, Petitioner filed a *pro se* application for post-conviction relief ("PCR") raising five issues: (1) ineffective assistance of counsel, (2) due process violation of law, (3) involuntary and unknowing guilty plea, (4) subject matter jurisdiction, and (5) "conflict of interest with the interpreter from the she[]riff's office when the sheriff's office was going against the defendant." (R&R at 3). An evidentiary hearing was held on March 17, 2008 at which the Petitioner, represented by Tommy A. Thomas, appeared and testified. By order filed August 11, 2009, the PCR petition was denied and dismissed with prejudice. *Id.*

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970). "An Alford plea is an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011) (citing *Alford*, 400 U.S. at 37).

[2] In exchange for Ramirez's plea, the state dismissed five other charges: failure to stop for a blue light or siren, failure to remain at the scene for a property damage accident, operating a motor vehicle without insurance, operating a motor vehicle without a valid driver's license, and use of a vehicle without the owner's consent – and agreed to defer sentencing until a later date. (Dkt. No. 43-1 at 6.)

[3] *Anders v. California*, 386 U.S. 738 (1967).

On appeal, Petitioner was represented by Appellate Defender Elizabeth A. Franklin-Best. Appellate counsel filed a petition for writ of certiorari with the Supreme Court of South Carolina that presented the following issues:

I. Did plea counsel render ineffective assistance of counsel for failing to communicate and prepare the case with his client when he failed to obtain a proper Mam speaking interpreter, for use during discussions with his client, and when he allowed him to plead guilty, as provided for by S.C. Code Ann. § 17-1-50 (1976)?

II. Was petitioner's guilty plea involuntarily [sic] because petitioner could not understand the proceedings against him?

(Dkt. No. 43-7). On June 11, 2013, the South Carolina Court of Appeals issued an order denying Ramirez's petition for a writ of certiorari (Dkt. No. 43-9) and the remittitur was issued July 1, 2013. (Dkt. No. 43-10). This action followed.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v Weber,* 423 U.S. 261, 270-271 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Where the Petitioner fails to file specific objections to the Report and Recommendation, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed.R.Civ.P. 72 advisory committee note).

3

### III. Law/Analysis

In his objection, Petitioner does not dispute the Magistrate Judge's analysis or conclusions but instead simply lists three issues: 1) ineffective assistance of counsel, 2) violation of due process under the Fourteenth Amendment, and 3) subject matter jurisdiction. (Dkt. No. 58). As a result, Petitioner failed to provide any information articulating his objections to the Magistrate Judge's findings. To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

Furthermore, "[t]o the extent that plaintiff intends that this Court *sua sponte* consider prior argument not reiterated in specific objection to the [M]agistrate [J]udge's Report and Recommendation, the Court declines to do so." *Ramsey v. Comm'r of Soc. Sec.*, No. 1:08–cv–240, 2009 WL 3242570 at *1 (W.D.Mich. Sept.30, 2009). "[S]uch duplicative consideration by the district court would defeat the purpose and efficiency of consideration by the [M]agistrate [J]udge in the first instance." *Id.* As such, this Court will consider "only the objections specifically raised or discernable in [Petitioner's] Objections." *Id.; accord Tauber v. Barnhart*, 438 F. Supp, 2d 1366, 1373 (N.D.Ga.2006) (declining to consider all arguments *de novo* simply because a party "incorporated" prior briefing). The PCR court appropriately and thoroughly addressed Petitioner's claims of ineffective assistance of counsel, due process violation of law – 14th Amendment, and subject matter jurisdiction. (Dkt. No. 43-1 at 73-85).

Petitioner's objection also raises a new argument alleging double jeopardy. Prior to filing a federal habeas corpus petition, a petitioner must exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to

4

the state's highest court." *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011). After a review of the record, this Court finds this claim to be barred from federal review because it was not raised and ruled upon at PCR pursuant to *Coleman v. Thompson,* 501 U.S. 722 (1991) (stating if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). As to the procedural default, the Petitioner has not shown sufficient cause to excuse the default.

Even if the Court found Petitioner's claim was not procedurally barred, it would fail on the merits.[4] The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction, and protects against multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161 (1977); *accord United States v. Halper,* 490 U.S. 435, 440 (1989). In support of his position, Petitioner relies on the opinion in *Blockburger v. United States,* 284 U.S. 299 (1932), in which the Supreme Court held, in part:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

284 U.S. at 304.

Petitioner contends "[i]n this matter being presented the second prosecution of Driving Under the Influence causing great bodily injury the state relies solely upon the identical proof as in the first [prosecution for felony driving under the influence resulting in death] which substantially raises a double jeopardy claim." (Dkt. No. 58). The *Blockburger* test cited by

---

[4] While courts "cannot issue the writ for unexhausted or procedurally defaulted claims," they can reach the merits of a habeas petition to deny it. *Flippo v. McBride,* 393 Fed.App'x 93, 97 (4th Cir.2010) (citing 28 U.S.C. 2254(b)(2)); *see also Yeatts v. Angelone,* 166 F.3d 255, 261 (4th Cir. 1999) ("A federal habeas court . . . possesses the jurisdiction to consider a petitioner's constitutional claims that have been procedurally defaulted . . . But . . . concerns of comity and federalism counsel in favor of a federal habeas court declining to reach the merits of the federal claim.").

5

Petitioner applies where the same act or transaction constitutes a violation of two distinct statutory provisions. *Blockburger v. United States*, 284 U.S. at 304.

In analyzing Petitioner's double jeopardy claim, it is important to recognize the Petitioner was indicted on and pled guilty to two separate offenses: (1) felony driving under the influence resulting in death (Owain Buzhardt), and (2) felony driving under the influence resulting in bodily injury (Mary Jo Bozhardt). (Dkt. No. 43-1 at 3-4). In South Carolina, "the three elements of felony DUI are (1) driving a vehicle while under the influence of alcohol or drugs; (2) committing an act forbidden by law or neglecting a legal duty; and (3) the death or great bodily harm of another person." *State v. Grampus,* 288 S.C. 395, 397, 343 S.E.2d 26, 27 (1986). *See also* S.C. Code Ann. § 56–5–2945 (1991).

Under this statute, the two offenses differ in the elements required and felony status each is afforded. Felony driving under the influence causing great bodily injury requires proof: (1) the actor drove a vehicle while under the influence of drugs or alcohol, (2) he/she did an act forbidden by law or neglected a duty imposed by law, and (3) the act proximately caused great bodily injury to another. *State v. Easler*, 327 S.C. 121, 133 (1997) (quoting *State v. Cribb*, 310 S.C. 518 (1992)). In South Carolina, this offense is classified as a Class D Felony.[5] Conversely, felony driving under the influence resulting in death is classified as a Class B Felony[6] and requires proof the act resulted in the death of another. S.C. Code Ann. § 56-5-2945. As such, each crime has a unique element of proof required to secure a conviction and there is no violation under *Blockburger* analysis. *Blockburger v. United States*, 284 U.S. at 304; *accord*

---

[5] S.C. Code Ann. § 16-1-90 lists 565-5-2945(A)(1), Causing great bodily injury by operating vehicle while under influence of drugs or alcohol as a Class D Felony.

[6] S.C. Code Ann. § 16-1-90 lists 565-5-2945(A)(2), Causing great bodily injury or death while under influence of drugs or alcohol, death resulting as a Class B Felony.

*United States v. Good Bird*, 197 F.3d 1203, 1204-05 (8th Cir. 1999) (holding punishments for both assault and murder did not violate double jeopardy).

The Court is charged with liberally construing the complaints filed by *pro se* litigants in order to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972), and *Haines v. Kerner*, 404 U.S. 519 (1972). However, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). Here, the Court finds that Petitioner has not raised a genuine issue of material fact that could create a dispute as to whether a writ of habeas corpus is merited in this case. Therefore, Respondent's motion is hereby granted.

## IV. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge and those discussed herein, Defendant's Motion for Summary Judgment (Dkt. No. 42) is **GRANTED** and the habeas petition is **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

7

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Judge

January 28, 2015
Charleston, South Carolina

8